IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF DONALD NASH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00495-SEP |
| ) | |
| HENRY JAMES FOLSOM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH DEFENDANTS' NOTICE OF DEPOSITION OF HON. RANDY P. SCHULLER**

**INTRODUCTION**

Discovery closed 42 months ago in April 2022. For the second time,[1] Defendants seek to reopen discovery shortly before trial—this time by deposing the Hon. Randy P. Schuller (ret.). The Court should quash Judge Schuller's deposition, scheduled for November 21, 2025.

Judge Schuller presided over Donald Nash's preliminary hearing 17 years ago, in 2008. Defendants did not attempt to take Judge Schuller's deposition before discovery closed. According to Defendants, Judge Schuller will be unavailable to attend trial. As a result, Defendants seek to depose Judge Schuller out of time, allegedly to "preserve" his testimony.

Defendants' unorthodox request to depose a retired judge begs the question: preserve *what* testimony? Litigants don't just notice up the depositions of trial judges whenever they'd like to probe the judges' thought processes and deliberations. Therefore, Plaintiffs naturally asked Defendants to identify what testimony Defendants need to preserve. Defendants answered that they "expect Judge Schuller to testify [1] that he was the judge who presided over the preliminary

---

[1]  Defendants previously moved to designate Janine M. Kishpaugh as an expert out of time on July 7, 2025. Doc. 123. Plaintiffs opposed the motion and moved to strike. Doc. 124. The motion remains pending.

1

hearing in Mr. Nash's criminal case, and [2] that after hearing the evidence presented at that hearing, he determined the probable cause standard was met." Ex. A. Plaintiffs responded that those two facts are not in dispute and offered to stipulate in lieu of the deposition. Defendants rebuffed the offer and insisted on deposing Judge Schuller, serving a notice on October 22. Ex. B.

The deposition should be quashed. First, Plaintiffs have agreed to stipulate to the facts that serve as Defendants' stated purpose for "preserving" the testimony. Eliciting additional testimony is not a matter of trial preservation, but rather discovery. Second, Defendants may have rebuffed Plaintiffs' offer to stipulate in the hope of turning Judge Schuller into a previously undisclosed, non-retained expert on the topic of probable cause. This is not only untimely, but an improper subject of expert testimony. Finally, Judge Schuller's testimony on factual issues is either cumulative of the preliminary hearing transcript or inadmissible based on the judicial deliberative privilege. Accordingly, Defendants have failed to show good cause for amending the scheduling order, and the Court should quash the deposition.

## DISCUSSION

**I.     The Court should quash because the deposition is extremely untimely.**

This Court exercises "discretionary power" when setting and enforcing "the time limits of discovery." *Wilfing v. General Motors Corp.*, 685 F.2d 1049, 1051 (8th Cir. 1982). Furthermore, the Court's scheduling order "may be modified only for good cause and with the judge's consent.'" *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

The Court "must limit" discovery "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)"—*i.e.*, irrelevant, privileged, or disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(ii). As a result, this Court has quashed notices of deposition when the party seeking to depose has not "exhausted" "other sources of information," *Doe v. Young*, No. 4:08-cv-00197-TIA, 2008 WL 4790309, at *2 (E.D. Mo. Oct. 8, 2008), or when the party attempts to depose witnesses late in the case without "explain[ing] why he could not have sought depositions . . . earlier." *Colyer v. Leadec Corp.*, No. 4:22-cv-00193-AGF, 2023 WL 6141671, at *2 (E.D. Mo. Sept. 20, 2023).

Defendants furnished two reasons for the need to preserve Judge Schuller's testimony: "to testify [1] that he was the judge who presided over the preliminary hearing in Mr. Nash's criminal case, and [2] that after hearing the evidence presented at that hearing, he determined the probable cause standard was met." Ex. A. Plaintiffs offered to stipulate to these facts and obviate the need for a trial preservation deposition. As a result, any additional testimony elicited from Judge Schuller is sought for the purposes of discovery, *not* the preservation of testimony for trial.

This violates the Court's scheduling order. The Court established a discovery deadline of April 30, 2022. Doc. 38. at 2. That date elapsed 42 months ago. Judge Schuller's role has been a matter of public or personal knowledge for Defendants since 2008, especially considering that multiple Defendants testified at that hearing. Defendants offer no explanation why they could not have sought his deposition earlier. *Colyer*, 2023 WL 6141671, at *2 (quashing subpoenas served two weeks *before* close of discovery because proponent "ha[d] known the identity of these witnesses . . . since . . . the outset of the case"). As a result, there is no showing of good cause.

This untimely deposition would necessitate the reopening of discovery and amendment of the scheduling order, with unknown ramifications. If anything, by noticing this deposition

3

Defendants wish to modify the scheduling order unilaterally and "with[out] the judge's consent," which is improper. *Petrone*, 940 F.3d at 434. Therefore, the Court should quash the deposition.

## II. Plaintiffs cannot depose Judge Schuller as a non-retained expert.

Because Defendants have insisted on proceeding with the deposition despite Plaintiffs' offer to stipulate, the true purpose behind the deposition remains unclear. Plaintiffs are left to suspect that Defendants may intend to transform Judge Schuller into some sort of non-retained expert regarding the issue of probable cause. *See, e.g.*, Ex. A ("I expect Judge Schuller to provide relevant and admissible testimony regarding the trial court's findings regarding probable cause").

Eliciting expert testimony from Judge Schuller would be improper for multiple reasons. Defendants' deadline for disclosing expert witnesses expired in February 2022. Doc. 38 at 1. The deadlines for rebuttal experts expired in March 2022. *Id.* The deadline for *Daubert* motions expired in May 2022. *Id.* at 2. In short, this untimely strategy would blow up the scheduling order and trial date (yet again). There is no showing of good cause for amending the scheduling order, and these disruptions would be highly prejudicial to Plaintiffs, who have already faced multiple trial continuances.

Any expert testimony on probable cause would also concern a legal issue, which is inadmissible. *See Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("As we have had occasion to remark before, however, expert testimony on legal matters is not admissible."). Therefore, the Court should quash the deposition.

## III. Defendants cannot elicit any relevant, nonprivileged fact testimony.

To the extent Defendants claim they wish to depose Judge Schuller exclusively as a fact witness, discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The proposed deposition of Judge Schuller seeks either

4

irrelevant, unreasonably cumulative information about his ruling at the preliminary hearing or privileged information about his thought processes in reaching that ruling.

Judge Schuller is not a fact witness about any of the relevant facts of this case. Count I concerns the probable cause *affidavit*, not the *preliminary hearing*. *See Estate of Nash v. Folsom*, 92 F.4th 746, 753-59 (8th Cir. 2024). Judge Schuller made a probable cause finding based on a different (albeit still-incomplete) evidentiary record, which finding is not the subject of a § 1983 claim. That record, moreover, is memorialized in a hearing transcript. Because Judge Schuller would only provide redundant facts set forth within that transcript, the information would be "unreasonably cumulative and duplicative," and that information "can be obtained from" multiple "other source[s] that [are] more convenient, less burdensome, [and] less expensive" than a deposition. Fed. R. Civ. P. 26(b)(2)(C)(i).

The deposition also likely violates the judicial deliberative privilege. Because "examination of a judge" about his or her "mental processes" in reaching a decision "would be destructive of judicial responsibility," "a judge cannot be subjected to such a scrutiny." *United States v. Morgan*, 313 U.S. 409, 422 (1941). "[T]he privilege 'primarily protects judicial decision-making in the context of adjudicating particular cases'"—here, the existence of probable cause. *Feltz v. Bd. of Cnty. Comm'rs*, No. 18-CV-298, 2020 WL 2039250, at *9 (N.D. Okla. Apr. 28, 2020) (quoting *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 7156071, at *3 (E.D. La. Dec. 8, 2016)). To the extent Defendants seek to probe Judge Schuller's *reasons* for finding probable cause (based on a different record than the probable cause affidavit), that information falls within the heartland of the judicial deliberative privilege. *See id.*

## CONCLUSION

The Court should quash the notice of deposition of the Hon. Randy P. Schuller.

Dated: October 29, 2025

                    Respectfully submitted,

                    **BRYAN CAVE LEIGHTON PAISNER LLP**

                    /s/ Jonathan B. Potts
                    Charles A. Weiss, MO #20299
                    caweiss@bclplaw.com
                    Stephen R. Snodgrass, MO #29017
                    srsnodgrass@bclplaw.com
                    Jonathan Potts, MO #64091
                    jonathan.potts@bclplaw.com

                    One Metropolitan Square
                    211 N. Broadway, Suite 3600
                    St. Louis, MO  63102-2750
                    Telephone:  (314) 259-2000
                    Facsimile:  (314) 552-8215

                    *ATTORNEYS FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 29, 2025, the foregoing was filed using the Court's CM/ECF system, which will serve notice upon all counsel of record.

/s/ Jonathan B. Potts